UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOHN PAUL KEAN,                              )
                                             )
                        Plaintiff,           )     Case No. 4:05-cv-64
                                             )
v.                                           )     Honorable Robert Holmes Bell
                                             )
CHARLES A. ANDERSON et al.,                  )
                                             )
                        Defendants.          )
_____)

### OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983.
The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial
partial filing fee.  Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321
(1996) ("PLRA"), the Court is required to dismiss any prisoner action brought under federal law if
the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks
monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A.  The
Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520
(1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly
incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will
dismiss Plaintiff's action, with the exception of his claims against Defendants James VanDyken and
Jack Ryan.

**Discussion**

I.      Factual Allegations

Plaintiff currently is incarcerated in the Carson City Correctional Facility. Plaintiff's complaint does not concern the conditions of his incarceration; rather, his claims arise from a criminal prosecution in Kalamazoo County. Plaintiff sues Attorney Charles A. Anderson; Kalamazoo County Judges Philip D. Schaefer, Paul J. Brindenstine, and Carol A. Husum; Kalamazoo County Prosecutors David W. DeBack and Michael E. Robie; Kalamazoo County Sheriff's Detectives James VanDyken and Jack Ryan; Kalamazoo County Court Services Supervisor E. Frank Hardester; Kenneth Martin Johnson; the Attorney Grievance Commission; and the Kalamazoo County Public Defender's Office.

On May 17, 2004, Plaintiff was arraigned on charges of armed robbery, possession of a firearm during the commission of a felony and two counts of home invasion. Following a preliminary examination held on May 27, 2004, the district court dismissed the charges for lack of evidence. The prosecutor's office brought a new complaint raising the same charges on June 25, 2004. Plaintiff contends that the second complaint was not supported by any new or additional evidence. A preliminary examination was held before a different district court judge on June 30, 2004. Plaintiff claims that the prosecutors and detectives induced witness Kenneth Martin Johnson to change his testimony and commit perjury in exchange for "favors." Apparently, Johnson had given testimony at the first preliminary examination exculpating Plaintiff. As a result of Johnson's changed testimony, Plaintiff was bound over on the charges to the Kalamazoo County Circuit Court. Plaintiff claims that his court-appointed attorney, Charles Anderson, refused to take any action on his behalf in the preliminary proceedings.

2

Plaintiff ultimately was acquitted of the criminal charges.  While Plaintiff does not provide the details of his  present incarceration, it appears that he remains incarcerated as the result of a parole violation.  Plaintiff maintains that his attorney, Kalamazoo County court officials and detectives conspired to deprive him of his constitutional rights.  For relief, Plaintiff seeks an unspecified amount of compensatory and punitive damages.

II.     Immunity

A.     **Kalamazoo County Judges**

Plaintiff sues Kalamazoo County District Judges Paul J. Bridenstine and Carol A. Husum, and Circuit Court Judge Philip D. Schaefer.  Plaintiff fails to make any specific allegations with regard to the individual judges.  Ostensibly, Plaintiff sues these judges because they presided over some portion of the criminal proceedings.

Generally, judges are immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991)("it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself"); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v, Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997).  Absolute judicial immunity may be overcome in only two instances.  First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11.  Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Id.* at 12.

Plaintiff's complaint fails to implicate either of the exceptions to judicial immunity. To the extent the Defendant judges presided over the pre-trial and trial proceedings against Plaintiff,

there is no doubt that they were acting within their jurisdiction.  Accordingly, Judges Schaefer, Bridenstine and Husum are absolutely immune from Plaintiff's claim for monetary damages.

B.    **Kalamazoo County Prosecutors**

Plaintiff alleges that Kalamazoo County Prosecutors David W. DeBack and Michael E. Robie induced Kenneth Martin Johnson to give false testimony at the second preliminary examination to obtain a bindover on the charges.

The Supreme Court embraces a functional approach to determining whether a prosecutor is entitled to absolute immunity.  *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Forrester v. White*, 484 U.S. 219, 229 (1988); *accord Lomaz v. Hennosy*, 151 F.3d 493, 497 (6th Cir. 1998). Under a functional analysis, a prosecutor is absolutely immune when performing the traditional functions of an advocate.  *Kalina*, 522 U.S. at 130; *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003); *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989).  The Supreme Court has held that a prosecutor is absolutely immune for the initiation and pursuit of a criminal prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Lomaz*, 151 F.3d at 497.  Acts which occur in the course of the prosecutor's role as advocate are entitled to protection of absolute immunity in contrast to investigatory or administrative functions that are normally performed by a detective or police officer.  *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 276-78 (1993); *Grant*, 870 F.2d at 1137.  In the Sixth Circuit, the focus of the inquiry is how closely related is the prosecutor's conduct to his role of an advocate intimately associated with the judicial phase of the criminal process.  *Spurlock*, 330 F.3d at 797; *Ireland v. Tunis*, 113 F.3d 1435, 1443 (6th Cir. 1997).

The conduct alleged by Plaintiff unquestionably related to the initiation and presentation of the state's case.  While Plaintiff alleges that prosecutors suborned perjury at the

4

second preliminary examination, "[a]bsolute prosecutorial immunity is not defeated by a showing

that a prosecutor acted wrongfully or even maliciously . . . .  The decision to prosecute . . . 'even if

malicious and founded in bad faith, is unquestionably advocatory and at the heart of the holding in

*Imbler*.'"  *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (internal citations omitted)

(county prosecutors were absolutely immune from civil rights suit alleging they conspired with

former criminal defendant's wife and knowingly brought false charges of child abuse against the

former defendant); *see also Spurlock v. Thompson,* 330 F.3d 791, 797-98 (6th Cir. 2004)

(prosecutor's decision to have witnesses testify falsely at criminal trial was protected by absolute

immunity).  Accordingly, Kalamazoo County Prosecutors DeBack and Robie are immune from

Plaintiff's suit for monetary damages.

C.      **Kalamazoo County Court Services Supervisor**

Absolute judicial immunity is extended to non-judicial officers who perform "quasi-

judicial" duties.  Quasi-judicial immunity should be granted to state officials when (1) their positions

are akin to that of judges; (2) the potential for vexatious lawsuits is great; and (3) enough safeguards

exist to protect the complainant's constitutional rights.  *Purisch v. Tennessee Tech. Univ.*, 76 F.3d

1414, 1421 (6th Cir. 1996); *see also Bush v. Rauch*, 38 F.3d 842 (6th Cir. 1994) (functional approach

to quasi-judicial immunity).  A court clerk who performs tasks that are an integral part of the judicial

process is entitled to absolute quasi-judicial immunity from suits for damages.  *See Johnson v.

Turner*, 125 F.3d 324, 333 (6th Cir. 1997); *Foster v. Walsh*, 864 F.2d 416, 417-18 (6th Cir. 1988);

*accord Carlton v. Baird*, No. 03-1294, 2003 WL 21920023, at *1 (6th Cir. Aug. 8, 2003) (state court

clerk's office employees were entitled to quasi-judicial immunity from state prison inmate's § 1983

claim); *Lyle v. Jackson*, No. 02-1323, 2002 WL 31085181, at *1 (6th Cir. Sept. 17, 2002)

(quasi-judicial immunity applied to claims against state court clerks who allegedly failed to provide prisoner with requested copies of previous filings and transcripts).   Under these principles, Defendant Hardester is entitled to quasi-judicial immunity for acts taken in his role as Kalamazoo County Court Services Supervisor.

D.      **Attorney Grievance Commission**

In his complaint, Plaintiff indicates that he filed a complaint against Anderson with the Michigan Attorney Grievance Commission (AGC).  Plaintiff claims that the AGC "would not do any further investigation, other than letter."  Plaintiff, therefore, appears to sue the AGC for failing to conduct a more thorough investigation or to take disciplinary action against Anderson.  As a threshold matter, Plaintiff has no federal constitutional right to any investigation by the AGC of his complaints concerning counsel.  The regulation of the practice of law is entrusted to the states.  The decision whether to have an attorney grievance system and the scope of investigation by the grievance machinery is a pure matter of state law.  The Constitution did not guarantee Plaintiff a thorough review of his complaint, or for that matter, any review at all.  Furthermore, members of the Michigan Attorney Grievance Commission perform functions that are equivalent to the job performed by prosecutors and judges in court proceedings, and, thus, are entitled to absolute quasi-judicial immunity.  *See Doe v. Michigan Attorney Discipline Bd.*, No. 95-1259, 1996 WL 78312 (6th Cir. Feb. 22, 1996) (actions taken by Committee on Character and Fitness and its members, in denying application for admission to state bar, were "judicial acts" to which absolute immunity attached); *see also Sparks v. Character & Fitness Comm. of Ky.*, 859 F.2d 428 (6th Cir. 1998) (Kentucky Committee on Character and Fitness and its members are entitled to absolute quasi-

6

judicial immunity); *Eston v. Van Bolt*, 728 F. Supp. 1336 (E.D. Mich. 1990) (Attorney Grievance Commission members entitled to absolute, quasi-judicial immunity).

E.    **Witness**

Plaintiff claims that Defendant Kenneth Martin Johnson gave false testimony against him at the second preliminary examination.  In *Briscoe v. Lahue*, 460 U.S. 325 (1983), the Supreme Court concluded that "all witnesses – police officers as well as lay witnesses – are absolutely immune from liability based upon their testimony in judicial proceedings."  *Id.* at 328 (citation and footnote omitted); *accord Spurlock v. Satterfield*, 167 F.3d 995, 1001 (6th Cir. 1999) ("It is well-settled that witnesses are granted absolute immunity from suit for all testimony provided in judicial proceedings.").  Because Johnson is entitled to absolute witness immunity, Plaintiff's claim for monetary damages must be dismissed.

III.    Failure to state a claim

A.    **Defense Attorney**

Plaintiff contends that his court-appointed attorney, Charles A. Anderson, failed to render proper assistance.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996).  In order for a private party's conduct to be under color of state law, it must be "fairly attributable to the State."  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street*, 102 F.3d at 814.  There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the

7

action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc.*, 963 F.2d

100, 102 (6th Cir. 1991) (citing *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974)).

Plaintiff cannot show that his court-appointed attorney acted under color of state law.

In *Polk County v. Dodson*, 454 U.S. 312 (1981), the Supreme Court held that defense counsel

perform a private, not an official, function:

> In our system, a defense lawyer characteristically opposes the designated
> representatives of the State.  The system assumes that adversarial testing will
> ultimately advance the public interest in truth and fairness.  But it posits that a
> defense lawyer best serves the public, not by acting on behalf of the State or in
> concert with it, but rather by advancing "the undivided interest of his client."  This
> is essentially a private function, traditionally filled by retained counsel, for which
> State office and authority are not needed.

454 U.S. at 318-19.  The *Polk County* Court further held that this is true even of the state-appointed

and state-paid public defender.  The Court said that, once a lawyer undertakes the representation of

an accused, the duties and obligations are the same whether the lawyer is privately retained,

appointed, or serves in a legal aid or defender program.  The Court held that, even though a public

defender is paid by the state, he or she does not act under color of state law in representing the

accused.  Rather, defense counsel –  whether privately retained or paid by the state – acts purely on

behalf of the client and free from state control.  The Sixth Circuit has adhered to the holding in *Polk*

*County* in numerous unpublished decisions.  *See, e.g.*, *Carswell v. Hughes*, No. 99-1795, 2000 WL

658043, at *1 (6th Cir. May 9, 2000); *Blake v. Kane*, No. 98-4386, 2000 WL 302980, at *1 (6th Cir.

March 14, 2000); *Rodgers v. Stacey*, No. 99-3408, 2000 WL 190100, at *1 (6th Cir. Feb. 7, 2000);

*Pagani-Gallego v. Escobedo*, No. 97-1640, 1998 WL 381562, at *1 (6th Cir. June 23, 1998); *Watson*

*v. Career*, No. 99-5319, 1999 WL 1282433, at *1 (6th Cir. Dec. 27, 1999); *Carson v. Giovanni*, No.

88-1412, 1988 WL 107376, at *1 (6th Cir. Oct. 14, 1988).  Accordingly, Defendant Anderson did

not act under color of state law, and no claim under § 1983 can be maintained against him.

        To the extent that Plaintiff asserts claims of legal malpractice, these claims arise

solely under state law.  Section 1983 does not provide redress for a violation of a state law.  *Pyles*

*v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir.

1994).  The Sixth Circuit has stated that district courts should generally decline to exercise

supplemental jurisdiction over state law claims under these circumstances. *See Landefeld v. Marion*

*General Hosp.*, 994 F.2d 1178, 1182 (6th Cir. 1993);  *Hawley v. Burke*, No. 97-1853, 1998 WL

384557, at *1-*2 (6th Cir. June 18, 1998).  Accordingly, Plaintiff's claims against Defendant

Anderson will be dismissed.

        B.    **Kalamazoo County Defender's Office**

        While Plaintiff names the Kalamazoo County Defender's Office as a Defendant in

this action, he fails to make any allegations concerning the Defender's Office in his complaint.

Moreover, Plaintiff fails to make any specific factual allegations against Defendant Hardester.  It is

a basic pleading essential that a plaintiff attribute factual allegations to particular defendants.  *See*

*Veney v. Hogan*, 70 F.3d 917, 922 (6th Cir. 1995) (where complaint failed to allege wrongdoing by

a particular defendant, it fell "far short of the standard that is necessary to weed out meritless

actions").  Where a defendant is named without an allegation of specific conduct, the complaint is

subject to dismissal, even under the liberal construction afforded to *pro se* complaints.  *See*

*Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims

against those individuals are without a basis in law as the complaint is totally devoid of allegations

as to them which would suggest their involvement in the events leading to his injuries").

Accordingly, Plaintiff's claim against the Defender's Office for failure to state a claim.

      C.     **Kalamazoo County Sheriff's Detectives**

Plaintiff's allegations that Kalamazoo County Sheriff's Detectives James Van Dyken and Jack Ryan suborned perjury at the second preliminary examination in order to obtain a bindover is sufficient to state a federal claim. Accordingly, Plaintiff's complaint will be served against Defendants VanDyken and Ryan.

### Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's claims against Defendants Charles A. Anderson, Philip D. Schaefer, Paul J. Brindenstine, Carol A. Husum, David W. DeBack, Michael E. Robie, E. Frank Hardester, Kenneth Martin Johnson, Attorney Grievance Commission, and Kalamazoo County Public Defender's Office will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) because Defendants are immune or Plaintiff fails to state a claim against them. The Court will order service of the complaint against Defendants James VanDyken and Jack Ryan.

An Order consistent with this Opinion will be entered.

Date:     August 15, 2005        /s/ Robert Holmes Bell
                                  ROBERT HOLMES BELL
                                  CHIEF UNITED STATES DISTRICT JUDGE