UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| JON PAUL KEAN, #210913, | ) |
| | ) |
| Plaintiff, | )  Case No. 4:05-cv-64 |
| | ) |
| v. | )  Honorable Joseph G. Scoville |
| | ) |
| JAMES VAN DYKEN, et al., | ) |
| | )  **MEMORANDUM OPINION** |
| Defendants. | ) |
| _____ | ) |

       This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. §1983. Plaintiff is an inmate at the Carson City Correctional Facility located in Carson City, Michigan. The events giving rise to this lawsuit occurred in Kalamazoo County, Michigan, in connection with plaintiff's 2004 criminal prosecution for armed robbery, possession of a firearm during the commission of a felony, and two counts of home invasion. Plaintiff alleges that he was found not guilty of these charges.[1]

       Plaintiff filed his complaint on June 20, 2005, naming the state court judges, court employees, prosecutors, police officers, his defense attorney, the Kalamazoo Public Defender's Office and Michigan's Attorney Grievance Commission as defendants based on various actions allegedly taken in relation to the criminal prosecution. On August 15, 2005, this court issued an opinion and accompanying order (docket #'s 4, 5) dismissing all plaintiff's claims with the exception of plaintiff's claims against Detectives James VanDyken and Jack Ryan for allegedly suborning

---

[1] Plaintiff has not alleged the basis of his present incarceration, but for present purposes the court assumes it is based on a parole violation.

perjury from witness Kenneth Johnson at a June 25, 2004 preliminary examination. Plaintiff alleges that Mr. Johnson had provided exculpatory testimony at a May 27, 2004 preliminary examination and that charges against plaintiff were dismissed. Prosecutors filed a new complaint. Mr. Johnson testified at plaintiff's June 25, 2004 preliminary examination, and plaintiff was subsequently bound over for trial. Plaintiff contends that Detectives VanDyken and Ryan made a deal with Mr. Johnson to have Johnson commit perjury during the second preliminary examination in order to have plaintiff bound over for trial in exchange for unspecified "favors."

The matter is now before the court on the basis of a series of letters filed by plaintiff (docket #'s 27, 28, 29) containing requests that the court take various actions on plaintiff's behalf. Plaintiff's letters do not comply with the requirements for motions. For example, plaintiff has not complied with the requirements of the Federal Rules of Civil Procedure and the Local Civil Rules of the Western District of Michigan because he has not served copies of his motions on defendants' counsel, nor filed corresponding proofs of service with the court. FED. R. CIV. P. 5(a); W. D. MICH LCIvR 5.2. Plaintiff has not satisfied the requirements of Rule 7.1(a) of the local civil rules. Rule 7.1 (a) requires that "All motions, except those made during a hearing or trial, shall be accompanied by a supporting brief . . . . All briefs filed in support of . . . any motion shall contain a concise statement of the reasons in support of the party's position and shall cite all applicable federal rules of civil procedure, all applicable local rules and the other authorities upon which the party relies. Briefs shall not be submitted in the form of a letter to the judge." W. D. MICH LCIvR 7.1(a). Plaintiff is expressly advised that any future motions that fail to comply with these requirements will be summarily dismissed. Indulgently, the court will address plaintiff's letters as "motions" rather

than dismissing his requests on procedural grounds. For the reasons set forth herein, plaintiff's motions will be denied on their merits.

**1.**

Plaintiff captioned one of his letters as "JOINDER OF PARTIES." This text of this document is set forth verbatim below:

> For the following reasons, Plaintiff Jon Paul Kean would ask this Honorable Court to make the following joinder of parties:
>
> 1. All of the "supervisor[s] in the Kalamazoo County Sheriff's Department that have "official" control over Defendants actions.
>
> 2. Judge Quinn E. Benson, because, as a Judge/Magistrate did not "act" in a "neutral/detached fashion" when signing the "second Warrant" on 6-08-04 for James Vandyken. Plaintiff was in Judge Bensons Court on May 22nd 2004 for a preliminary examination, which was a "prior proceeding" in which Judge Benson had to make a ruling on this same case. Judge Benson acted with animosity towards Plaintiff, when Plaintiff would not "waive his right to have a preliminary examination within the 14 days".

(docket # 27).

The court will consider plaintiff's request as a motion to join parties. The court finds no basis for granting a motion for joinder of defendants' supervisors. Liability of supervisory officers under 42 U.S.C. § 1983 cannot be based upon a *respondeat superior* theory. *See McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 470 (6th Cir. 2006); *Turner v. City of Taylor*, 412 F.3d 629, 643 (6th Cir. 2005). Plaintiff alleges only supervisory liability, which cannot form the basis for relief.

Plaintiff's complaint does not contain any factual allegations against Judge Benson. Defendants filed their answer to the complaint on September 13, 2005. (docket # 7). Thus, plaintiff must obtain leave of court before amending his complaint. FED. R. CIV. P. 15(a). Plaintiff's motion

for leave to amend his complaint must be denied as futile. Judge Benson's actions of conducting a preliminary examination and issuing an arrest warrant are clearly judicial functions. Judge Benson is obviously entitled to judicial immunity on such claims. *See Mireles v. Waco*, 502 U.S. 9 (1991). Accordingly, plaintiff's motion (docket # 27) will be denied.

**2.**

The next letter from plaintiff expresses his desire to conduct two depositions by telephone. The letter states as follows:

> I would like to have some Depositions taken by telephone for the above case, as I do not have an attorney at this time, and I believe Fed. R. Civ. P. 30(b)(7) would allow me this. I would like to depose two "expert witnesses", the following are their names and numbers:
>
> 1. N.B. Garje, M.D. 269/337-3008
>
> 2. Sarat B. Kondapaneni, M.D. 269/337-3000
>    Kalamazoo Psychiatric Hospital
>    1321 Oakland Drive
>    Kalamazoo, Michigan 49008
>
> These two "experts" have information pertaining to Plaintiff's cause of action that pertains to the "probable cause" that was used against me. I'm currently incarcerated at the above address, and would request that this Honorable Court to please make a written order to the Warden of the Carson City Correctional Facility, so that I may be allowed to Depose these two experts.

(docket # 28).

The warden of the Carson City Correctional Facility is not a party to this lawsuit. Plaintiff has not identified any action taken by the warden that would justify a court order directing the non-party warden to do anything. It is not at all apparent how Doctors Garje and Kondapaneni would have information pertaining to "probable cause," or how that evidence would be relevant to

plaintiff's claims against defendants.  However, the court need not venture further into these areas because plaintiff's motion suffers from other, more basic foundational flaws.

Rule 30(a)(1) of the Federal Rules of Civil Procedure provides that, "A party may take the testimony of any person, including a party, by deposition upon oral examination without leave of court except as provided in paragraph (2).  The attendance of witnesses may be compelled by subpoena as provided in Rule 45."  Although leave of court is not required in this instance, plaintiff has not complied with any of the basic requirements of Rule 30 for taking a deposition by telephone or otherwise.  There is no notice under Rule 30(b)(1) of the time and place plaintiff intends to take the depositions of Doctors Garje and Kondapaneni.  Plaintiff has not provided a statement of the "method by which testimony will be recorded" as required by Rule 30(b)(2).  Plaintiff has not made arrangements for the depositions to be conducted before an officer appointed or designated under Rule 28, or for a certification by the officer that the witness was duly sworn and that the deposition is a true record of the testimony given by the witness.  *See* FED. R. CIV. P. 30(b)(4), (f)(1).  Plaintiff has not demonstrated that he has made financial arrangements for payment of the officer for furnishing a copy of the transcript or other recording of the deposition.  *See Jin v. Rodriguez*, No. 1:04CV05894REC LJO P, 2006 WL 39091, at * 2 (E.D. Cal. Jan. 5, 2006)("[A]s with party witnesses, plaintiff must bear the costs of recording the depositions, must bear the costs of transcribing the depositions if he intends to use them as evidence in a proceeding, and must arrange for the depositions to be conducted before an officer.").  Plaintiff has not tendered the required witness and mileage fees for Doctors Garje and Kondapaneni.  At minimum the witness fee is $40 per witness, *see* 28 U.S.C. § 1821(b), and could be much higher if these doctors are entitled to their hourly rate as a "reasonable fee for time spent responding to discovery" pursuant to Rule

26(b)(4)(C).  *See Wirtz v. Kansas Farm Bureau*, 355 F. Supp. 2d 1190, 1211-12 (D. Kan. 2005); *Lamere v. New York State Office for the Aging*, 223 F.R.D. 85, 91-92 (N.D. N.Y. 2004); *Mock v. Johnson*, 218 F.R.D. 680, 682-83 (D. Haw. 2003).

The fact that plaintiff is proceeding *in forma pauperis* does not relieve him of any of these obligations.

> The rule governing service of subpoenas, Fed. R. Civ. P. 45(b)(1), requires the simultaneous tendering of witness fees and reasonably estimated mileage as allowed by law.  *Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989); *Badman v. Stark*, 139 F.R.D. 601, 604 (M.D. Penn. 1991).  A party proceeding *in forma pauperis* is still required to pay witness and mileage fees in connection with deposition subpoenas.  *Tedder*, 890 F.2d at 211; *Fernandez v. Kash N' Karry Food Stores, Inc.*, 136 F.R.D. 495, 496 (M.D. Fla. 1991), *aff'd*, 966 F.2d 1461 (11th Cir. 1992).  Because a federal court has the inherent power to protect anyone from oppressive use of process, the court may require a plaintiff to demonstrate that he has made provisions for the costs of discovery prior to ordering the Clerk to issue subpoenas.  *Badman*, 139 F.R.D. at 604.  The refusal to issue subpoenas in the absence of such evidence is not improper.

*Gregg v. Clerk of the United States District Court*, 160 F.R.D. 653, 654 (N.D. Fla. 1995); *see Johnson v. Hubbard*, 698 F.2d 286, 289-90 (6th Cir. 1983); *see also Douglas v. McCarty*, 87 F. App'x 299, 302 (4th Cir. 2003); *Pedraza v. Jones,* 71 F.3d 194, 197 (5th Cir. 1995)(Federal Courts are not authorized to waive or pay these fees on behalf of an IFP litigant.); *Malik v. LaValley*, 994 F.2d 90 (2d Cir. 1993)(same); *Tedder v. Odel*, 890 F.2d at 211-12 (same); *Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987)(same); *McNeil v. Lowery*, 831 F.2d 1368, 1373 (7th Cir. 1987); *Cookish v. Cunningham*, 787 F.2d 1, 5 (1st Cir. 1986).   "[W]hile a *pro se* prisoner in a § 1983 suit may utilize any discovery methods prescribed by the Federal Rules of Civil Procedure, he is subject to the same terms and conditions as any other civil litigant, including paying for his own discovery costs . . . ."  *Smith v. Pendergrass*, Nos. 1:02-CV-125, 1:02-CV-126, 2003 WL 21919182, at * 3 (N.D. Ind. 2003).  Allowing a prisoner to proceed *in forma pauperis* does not excuse the tendering

of the required witness fees and mileage. *See Johnson v. Hubbard*, 698 F.2d at 289 ("Witness fees clearly fall in the category of items such as trial transcripts, depositions, and other documents, which the constitution does not require a court, or in practical terms, the federal government, to pay at the request of an indigent party."); *Windsor v. Martindale*, 175 F.R.D. 665, 670 (D. Colo. 1997)(collecting cases). "There is no basis under 28 U.S.C. § 1915 for payment of court funds for such fees." *Windsor*, 175 F.R.D. at 670; *see also Smith v. Yarrow*, 78 F. App'x 529, 544 (6th Cir. 2003)("A prisoner plaintiff proceeding *in forma pauperis* may seek waiver of certain pretrial filing fees, but there is no constitutional or statutory requirement that the government or the Defendant pay for an indigent prisoner's discovery efforts."); *Couch v. Fletcher*, No. 87-5991, 1998 WL 30493, at * 1 (6th Cir. Apr. 6, 1998)("Although plaintiff contended that witnesses were not subpoenaed because he could not afford witness fees, the district court correctly found that plaintiff is required to pay these fees despite his pauper status."); *Malik v. LaValley*, 994 F.2d 90 (2d Cir. 1993). Accordingly, plaintiff's motion (docket # 28) will be denied.

**3.**

Plaintiff's letter captioned as "Subpoena in a Civil Case," asks the court to issue a subpoena *duces tecum* to non-parties for various state court records regarding Kenneth Johnson. Plaintiff seeks a subpoena for the following documents:

    1.    Files/Petition(s)/orders from the Kalamazoo County Probate Court for Kenneth Martin Johnson, for Hon. Judge Donald R. Halstead.

    2.    Files/Petition(s) orders from the Van Buren Circuit Court/Family Division for Kenneth Martin Johnson, for Hon. Judge Frank D. Willis.

These would include any/all applications filed for Kenneth Martin Johnson (file No. 20046007 MI) pertaining to mental illness/recommendations for

>>hospitalization(s), including all treatment(s) by any/all Psychiatrist, etc., whom may have examined Kenneth Martin Johnson from the years of '03, '04.

(docket # 29). "[A] subpoena *duces tecum* can only require the production of documents for inspection. Plaintiff is not entitled to a copy of any document without payment of an appropriate copy cost . . . ." *Windsor v. Martindale*, 175 F.R.D. at 672.

Plaintiff is seeking production of an exceptional number of documents from non-parties.[2] "[R]equiring each individual [sought to be] subpoenaed to shoulder the rather significant cost of paying for the virtual mountain of documentary evidence [p]laintiff seeks would certainly subject them to significant expense or an undue burden. After all, the entire tenor of Fed. R. Civ. P. 45 is to prohibit a party from simply shifting his significant litigation expenses to a non-party, yet this if precisely what the [p]laintiff is attempting to do." *Pendergrass*, 2003 WL 21919182, at * 3 (citations omitted); *see Broussard v. Lemons*, 186 F.R.D. 396, 398 (W.D. La. 1999)("Courts addressing the issue of how the costs of subpoena compliance should be allocated have consistently emphasized that non-parties who have no interest in the litigation should not be required to subsidize the costs of the litigation.")(collecting cases). "Rule 45's mandatory cost-shifting provisions promote the most efficient use of resources in the discovery process. When nonparties are forced to pay the costs of discovery, the requesting party has no incentive to deter it from engaging in fishing expeditions for marginally relevant material. Requesters forced to internalize the cost of discovery will be more inclined to make narrowly-tailored requests reflecting a reasonable balance between the likely relevance of the evidence that will be discovered and the costs of compliance."

---

[2]It is not necessary at this juncture to determine whether the non-parties would be entitled to protection based on the sheer burden of the requested production, and its tangential relation, if any, to the merits of plaintiff's lawsuit against defendants.

*Linder v. Calero-Portocarrero*, 183 F.R.D. 314, 322-23 (D. D.C. 1998).  The court will not burden these non-parties with the copying and other costs that plaintiff must bear himself, and which he has no apparent ability to pay.  *See Israel v. Carpenter*, No. 95CIV2703DABJCF, 2002 WL 1424594, at * 1 (S.D.N.Y. June 28, 2002); *see also In re Automotive Refinishing Paint Antitrust Litig.*, 229 F.R.D. 482, 496 (E.D. Pa. 2005)(A non-party may recover the cost of attorney's fees incurred in complying with a subpoena); *In re First Am. Corp.*, 184 F.R.D. 234, 241 (S.D.N.Y. 1998)("A nonparty's legal fees, especially where the work benefits the requesting party, have been considered a cost of compliance reimbursable under Rule 45(c)(2)(B).").  Plaintiff's motion for the issuance of these subpoenas[3] will be denied.[4]

Plaintiff also requests a subpoena *duces tecum* for the following records:

> Plaintiff would request[] this Honorable Court to issue a Subpoena for the Police Reports from Detectives James VanDyken, Jack Ryan pertaining to the current case, including all notes taken, plus any and all video(s), tape recording(s) from the Kalamazoo County Sheriff's Department & the Van Buren County Sheriff's Department that pertain to Kenneth Martin Johnson being interviewed by Defendant(s) or any other law enforcement agencies.

(docket # 29).  To the extent that plaintiff is requesting issuance of a subpoena *duces tecum* against the nonparty records custodians of the Kalamazoo and Van Buren County Sheriffs Departments, plaintiff has not tendered the necessary fees for copying the records he desires.

---

[3] Plaintiff can obtain most, if not all the records he is seeking without a subpoena.  No subpoena is necessary for plaintiff to obtain public records from Michigan's courts.  Plaintiff need only write a letter addressed to the clerk of each of these state courts and request certified copies of their public records and tender the necessary payment for copies.

[4] "Of course, once the [p]laintiff has made the showing that he has the necessary funds to pay for the costs of copying the documents requested, he may then seek the issuance of his subpoenas because at that point the non-parties will [likely] no longer subject to the significant expense involved in complying with the subpoenas." *Pendergrass*, 2003 WL 21919182, at * 4 n.5.

The Federal Rules of Civil Procedure provide a separate mechanism under Rule 34 for obtaining document discovery from other parties:

> [U]nder Fed. R. Civ. P. 45, *subpoenas duces tecum* generally apply to non-parties (*i.e.* "persons") as opposed to parties like the Defendants. *See* FED. R. CIV. P. 45(a); C. Wright & A. Miller, *Federal Practice and Procedure* § 2107 ("Though the rules do not say so expressly, a subpoena is not necessary if the person [from whom the documents are sought] is a party."). Indeed, the Federal Rules of Civil Procedure provide a separate mechanism for obtaining document discovery from other parties by serving a document request on them. *See* FED. R. CIV. P. 34; *Hasbro v. Serafino*, 168 F.R.D. 99, 100 (D. Mass. 1996)("Rule 45, to the extent it concerns discovery, is . . . directed at non-parties [while Rule 34 governs discovery of documents in the possession or control of the parties themselves. Here, the Plaintiff wants to serve his subpoenas on parties to this suit; however, he should properly obtain such discovery through Rule 34 document requests. Thus, we can simply ignore his request that the Court issue these Rule 45 subpoenas.

*Pendergrass*, 2003 WL 21919182, at * 3.  Plaintiff has not served any request for production of documents upon defendants as provided by Rule 34.[5]  Any motion to compel production of documents by plaintiff at this juncture is premature.  Therefore, plaintiff's motion (docket # 29) will be denied.

**4.**

Plaintiff's remaining letter-motion requests copies of these documents:

1. Personel [sic] files for Detectives James VanDyken, Jack Ryan for any misconducts, lawsuits that have been filed against them.

2. Files/information for Kenneth Martin Johnson, when he was at the following:

   Forensic Ctr., P.O. Box 2060
   Ann Arbor, Michigan 48106

   Kalamazoo Psychiatric Hospital
   1321 Oakland Drive

---

[5]Defendants are required to make Rule 26(a)(1) disclosures to plaintiff on or before February 15, 206, pursuant to paragraph 3 of the case management order. (docket # 22).

Kalamazoo, Michigan

Kalamazoo County Mental Health
P.O. Box 63, Nazareth, MI 49074

(docket # 29). The motion will be denied for the reasons set forth in the previous section. Plaintiff has not served a request for production of documents on defendants and any motion to compel production of documents by defendants is premature. Plaintiff's request for a subpoena *duces tecum* against records custodians of Kalamazoo County Mental Health, Kalamazoo Psychiatric Hospital, and the Ann Arbor Forensic Center, will be denied because plaintiff has not tendered the funds necessary for copying Mr. Johnson's records.[6]

**Conclusion**

For the reasons set forth herein, plaintiff's motions will be denied.

Dated:  February 16, 2006              /s/  Joseph G. Scoville
                                       United States Magistrate Judge

---

[6] Plaintiff should be aware that a federal psychotherapist/patient privilege may be asserted and it could bar the discovery he is seeking regarding Mr. Johnson's mental health care. *See Jaffee v. Redmond*, 518 U.S. 1 (1996); *United States v. Hayes*, 227 F.3d 578, 581 (6th Cir. 2000).

-11-