UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JON PAUL KEAN, | )<br>) |
| Plaintiff, | )  Case No. 4:05-cv-64<br>) |
| v. | )  Honorable Joseph G. Scoville<br>) |
| JAMES VAN DYKEN, et al., | )  **MEMORANDUM OPINION**<br>) |
| Defendants. | )<br>) |

This is a civil action brought *pro se* by a former state prisoner pursuant to 42 U.S.C. § 1983. On May 1, 2006, plaintiff filed a motion requesting a one-week extension of the deadline for providing the court and defense counsel with copies of certain exhibits (docket # 67), and on May 30, 2006, plaintiff filed a motion requesting a 45-day stay of proceedings in this case while plaintiff was being transferred between Michigan prisons. (docket # 84). The court deferred action on defendants' pending motion for summary judgment to accommodate plaintiff's requests. The requested extension dates have long since passed. Plaintiff's motions will therefore be dismissed as moot.

Discovery in this case closed on April 1, 2006. (Case Management Order, ¶ 4, docket # 22). Before the close of discovery, plaintiff filed a document captioned as "OBJECTIONS TO DISCOVERY." (docket # 50). Plaintiff argues in this motion that, because all witnesses identified by defendants had previously testified in state court criminal proceedings against plaintiff, the defendants should now be restricted to presenting their defense of this civil lawsuit through the

"transcript(s) and/or video's [sic] from the Kalamazoo court proceedings." (*Id.*, at 2). Plaintiff's motion is not meritorious and will be denied. Defendants remain free to defend this lawsuit through witness testimony and other forms of evidence admissible under the Federal Rules of Evidence.

On March 20, 2006, plaintiff filed a motion stating that defendants had failed to produce certain "insurance information." (docket # 52). On March 28, 2006, defendants filed a response in which defendants' attorneys acknowledged their oversight, and represented to the court that plaintiff had been provided with the requested insurance information. (docket # 55). Plaintiff elected not to contest defendants' production of this information. Thus, plaintiff's motion will be denied as moot.

Well after the April 1, 2006 close of discovery, plaintiff filed a motion to compel discovery (docket # 57) and a motion requesting that the court issue a subpoena regarding "affidavits filed in the Kalamazoo 8th District Court in front of Honorable Judges Santoni and Benson." (docket # 98). Plaintiff has not addressed, much less shown, the "good cause" that is a necessary prerequisite to amending the case management order at this late date to allow plaintiff to conduct discovery at this late date. *See Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005). Moreover, the discovery sought does not appear reasonably calculated to lead to admissible evidence, because plaintiff's only remaining claim against defendants is for allegedly suborning perjury from witness Kenneth Johnson at plaintiff's June 30, 2004 preliminary examination. Plaintiff's belated discovery motions will be denied.

Defendants have filed two motions to strike. (docket #'s 73, 93). Defendants' initial motion asks the court to strike plaintiff's Exhibits 3, 4, 10-13, and 15-17 because the exhibits are inadmissible under the Federal Rules of Evidence. The second motion requests that the court "strike

the hearsay statements contained in Paragraphs 7, 9, 10, 11, 12, 13, 14, 20, 22 and 23 of [plaintiff's] affidavit." (docket # 93). Rule 56(e) limits the court's consideration to those facts "as would be admissible in evidence." Evidence which does not satisfy the requirements of Rule 56(e) will be disregarded. *See Fox v. Michigan State Police Dep't*, 173 F. App'x 372, 375 (6th Cir. 2006). Defendants' motions have preserved defendants' objections to these exhibits. Rule 56, however, does not authorize a motion to strike.

Rule 12(f) of the Federal Rules of Civil Procedure states, in pertinent part, that the court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Plaintiff's exhibits are not pleadings. *See* FED. R. CIV. P. 7(a); *Fox*, 173 F. App'x at 375 ("Exhibits attached to a dispositive motion are not 'pleadings' within the meaning of Fed. R. Civ. P. 7(a) and are therefore not subject to a motion to strike under Rule 12(f)."); *see also Sutton v. United States Small Bus. Admin.*, 92 F. App'x 112, 118 (6th Cir. 2003) ("Rule 12(f) does not apply to an affidavit because it is not a 'pleading.'"). Accordingly, defendants' motions to strike (docket # 73, 93) will be denied.

**Conclusion**

For the reasons set forth herein, plaintiff's motion for an extension of the dispositive motion deadline (docket # 67), motion for a stay of proceedings (docket # 84), and motion to compel production of insurance information (docket # 52) will be dismissed as moot. Plaintiff's motion to restrict defendants to use of transcripts or videos from plaintiff's criminal trial (docket #50), motion to compel discovery (docket # 57), and a motion for the issuance of a subpoena (docket # 98) will be

denied.  Defendants' motion to strike exhibits (docket #'s 73) and motion to strike portions of plaintiff's affidavit (docket # 93) will be denied.


Dated:  November 9, 2006              /s/  Joseph G. Scoville
                                                                United States Magistrate Judge